UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL HERRIGES, as Personal
Representative of the ESTATE OF
DIETER HERRIGES-LOVE, deceased,

        Plaintiff,                Case Number 19-12193

v.                                          Honorable David M. Lawson

COUNTY OF MACOMB and
GARY BABICH,

        Defendants.
_____/

## AMENDED ORDER APPROVING SETTLEMENT AND DISBURSEMENT OF FUNDS

This matter came before the Court on the plaintiff's motion to approve a final settlement against the remaining defendants in the case, Macomb County and Gary Babich. Plaintiff Carol Herriges, who is the personal representative of her deceased son's estate, alleged in a complaint that the defendants negligently caused the death of her son, Dieter Herriges-Love, while an inmate at the Macomb County Jail, and brought a wrongful death action under 42 U.S.C. § 1983. The plaintiff's decedent is survived by his mother and father, a brother and a sister. All of the plaintiff's decedent's potential heirs are adults, and no guardian *ad litem* has been appointed.

The Court conducted a hearing via video teleconferencing facilities on August 25, 2021 at which the plaintiff personal representative testified. The settlement calls for payment to the personal representative of $1,000,000 in exchange for a release of all claims. In addition, as part of the settlement, the Macomb County Sheriff's Office will use its best efforts to achieve the following: (1) Implement and track four hours of annual suicide prevention training for correctional officers; (2) Eliminate all bunk drain holes from inmate occupied areas of the facility; and, (3) Implement irregular 30-minute security rounds in the inmate occupied general population

units of the facility. All of the potential heirs filed affidavits agreeing to the proposed distribution of the settlement proceeds. Notably, the decedent's brother and sister, Colin Herriges-Love and Ingrid Herriges-Love, disclaimed an interest in any of the proceeds of this partial settlement. Based on the information furnished, the Court finds that the settlement is fair, adequate, and reasonable. The Court finds that the decedent, Dieter Herriges-Love, did not suffer conscious pain-and-suffering prior to his death.

As part of an earlier, partial settlement with other defendants in the case, counsel for the plaintiff retained $5,000 to be applied to the costs of litigation. That sum has been applied to the costs expended since that settlement and that credit is reflected in the amount requested in this motion. Defendant Macomb County responded to the motion alleging that it has made a claim in the probate court in the amount of $4,884.07 for a previous unpaid medical bill incurred by the plaintiff's decedent in 2006.

Accordingly, it is **ORDERED** that the plaintiff's motion to approve the partial settlement (ECF No. 171) is **GRANTED** in part and the settlement in the amount of $1,000,000 is **APPROVED**. The following distribution is approved:

| | | |
|---|---|---|
| a. | Payable to Garrison Law, P.C., attorney, for costs expended: | $ 18,614.28 |
| b. | Payable to Garrison Law, P.C., attorney, as an attorney fee: | $ 327,128.57 |
| d. | Distribution of the net proceeds, $654,257.15, to the interested parties as follows: | |
| | Garrison Law, P.C., to be held in escrow pending probate court resolution of the claim for a medical bill by Macomb County | $ 5,000.00 |
| | Kevin Love (father) for loss of society and companionship | $ 10,000.00 |
| | Carol Herriges (mother) for loss of society and companionship | $ 639,257.15 |

    Colin Herriges-Love (brother)        $ -0-
    Ingrid Herriges-Love (sister)         $ -0-

 It is further **ORDERED** that Carol Herriges, as the personal representative of the estate of Dieter Herriges-Love, deceased, is hereby authorized and empowered to settle and compromise any and all potential claims arising out of the plaintiff's claims against the remaining defendants.

 It is further **ORDERED** that defendant Macomb County shall tender the settlement proceeds to the attorney for the plaintiff as soon as possible, but in no event later than **October 21, 2021**.

 It is further **ORDERED** that Carol Herriges, as the personal representative of the estate of Dieter Herriges-Love, deceased, is authorized and empowered to execute and deliver any and all agreements and releases to accomplish the full, final, and complete settlement and satisfaction of all claims on behalf of the estate, and discharge all liability of the remaining defendants; and to lodge those executed documents with her attorney, who shall tender them to the defendants upon receipt of the settlement proceeds.

 It is further **ORDERED** that counsel for the plaintiff, Garrison Law, P.C., shall pay over the escrowed funds as directed by the Macomb County, Michigan probate court for the resolution of the pending claim for medical expenses, and shall pay over any remaining funds to Carol Herriges.

 It is further **ORDERED** the Court will retain jurisdiction to enforce the settlement agreement through **August 25, 2022**.

 It is further **ORDERED** that the pending pretrial motions (ECF No. 116, 118, 125) are **DISMISSED as moot**.

- 4 -

It is further **ORDERED** that the matter is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 7, 2021